IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 1 8 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, ET AL., § § § Plaintiffs, § § v. § § FEDERAL EMERGENCY MANAGEMENT § AGENCY, § § Defendant. § | CIVIL ACTION NO. B-08-487 |

### OPINION & ORDER

BE IT REMEMBERED, that on December 17, 2008, the Court **DENIED** Plaintiffs' Opposed Motion for Expedited Hearing of Pending Motion for Preliminary Injunction, Dkt. No. 8.

Plaintiffs requested an expedited hearing schedule for this case because of the "extreme urgency" of the matters. Dkt. No. 8, at 1. Plaintiffs seek "a preliminary injunction to compel Defendant Federal Emergency Management Agency[, ("FEMA"),] . . . to: (1) publicly disclose the standards that it uses to decide applications for housing repair assistance; and (2) decide these applications in an equitable and impartial manner, without using hidden internal rules that effectively *prevent* low-income families from accessing home repair assistance." Dkt. No. 2, at 1 (emphasis in original). Plaintiffs state that this relief will "minimize ongoing, irreparable harm to their families in the form of health hazards, displacement, and destruction of their property." *Id.*

Plaintiffs assert in their motion for expedited review that after they notified Defendant of the pending case, FEMA "secretly took expedited actions to contact Plaintiffs directly without notifications to Plaintiffs' counsel." Dkt. No. 8, at 1. Plaintiffs state that on Saturday November 22, 2008, a FEMA employee requested that Plaintiffs' homes be made available for urgent inspections. *Id.* Plaintiffs cite as evidence of the urgency of this case, Defendant's attempts to contact Plaintiffs directly. *Id.* at 2.

1

In its response, Defendant states that it will respond to the Plaintiff's Motion for Preliminary Injunction on January 20, 2009, the deadline by which Defendant must file an answer. Dkt. No. 12, at 1-2 n.1. Defendant asserts that as the issues in the preliminary injunction are the same as those alleged in the complaint, "it is inequitable for the government to address the merits on an expedited basis." *Id.* at 2. Defendant also explains that an expedited procedure is impracticable with the "complicated legal issues involving multiple plaintiffs with distinct claims," upcoming holidays, and "multi-step federal rule-making process." *Id.* at 2-3.

Plaintiffs, in their reply, assert that Defendant's response to the motion for a preliminary injunction was due on December 11, 2008 and that Defendant should not be afforded more time to respond. Dkt. No. 13, at 2. Plaintiffs state that a delayed hearing or resolution of the motion for a preliminary injunction harms Plaintiffs, as some "live in homes that are exposed, unsanitary, and unsafe" and others have been displaced from their homes. *Id.* at 3.

Given the nature of the relief sought and Defendant's response is do in less than thirty five (35) days, the Court denies Plaintiffs' Opposed Motion for Expedited Hearing of Pending Motion for Preliminary Injunction, Dkt. No. 8. The Court further holds that Defendant may file its response to the Motion for a Preliminary Injunction, Dkt. No. 2, no later that January 20, 2009 as the motion and complaint are almost identical and request the same relief. *Compare* Dkt. No. 1 (seeking public disclosure of Defendant's standards for awarding housing repair assistance and fair and equitable application of those standards), *with* Dkt. No. 2 (seeking identical relief).

WHEREFORE, the Court **DENIES** Plaintiffs' Opposed Motion for Expedited Hearing of Pending Motion for Preliminary Injunction, Dkt. No. 8.

DONE at Brownsville, Texas, on December 17, 2008.

_____
Hilda G. Tagle
United States District Judge