IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 3 0 2011

David J. Bradley, Clerk of Court

| | |
|---|---|
| LA UNION DEL PUEBLO ENTERO, ET AL., § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. B:08-487 |
| § | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, § § § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

This case comes before this Court on remand from the United States Court of Appeals for the Fifth Circuit. *La Union del Pueblo Entero v. FEMA*, 608 F.3d 217 (2010) [hereinafter *LUPE*]. Pending before the Court are Plaintiffs' motions for summary judgment, Dkt. Nos. 28, 59, and 67, and Plaintiffs' Motion to Supplement the Administrative Record and Conduct Extra-Record Discovery, Dkt. No. 57. For the reasons given herein, the Court denies Plaintiffs' motions for summary judgment, finding their claims to be controlled by the Fifth Circuit's decision in *LUPE* or unsupported by the summary judgment record presently before the Court. The Court grants in part Plaintiffs' motion to conduct discovery, permitting limited discovery on Plaintiffs' claim that defendant Federal Emergency Management Agency utilized an unpublished rule in violation of 5 U.S.C. § 552(a) when it denied Plaintiffs applications for housing repair assistance after Hurricane Dolly.

### I. Background

Plaintiffs, a group of South Texas residents whose homes were allegedly damaged by the July 23, 2008, landfall of Hurricane Dolly, brought this action after the Federal Emergency Management Agency (FEMA) denied their applications for housing repair assistance. Dkt. No. 2 at 3–8; *See e.g., id.* Ex. 7–20. According to a FEMA statement, the damage for which FEMA decided not to compensate Plaintiffs

"was, in most cases, caused from [sic] the faulty building of the house, and not the storm." *Id.* at 5 (quoting *Id.* Ex. 1). Plaintiffs allege that FEMA has failed to comply with its statutory duty to disclose the standards it uses to decide whether to grant requests for disaster relief and to administer those standards in an "equitable and impartial manner." *Id.* at 20 (citing 42 U.S.C. §§ 5151(a), 5174(j)).

This case has been brought under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq.* Dkt. No. 1 at 29. In their complaint, Plaintiffs ask the Court to:

> (a) enjoin FEMA to publish and apply ascertainable standards to make its housing repair assistance decisions;
>
> (b) enjoin FEMA to reconsider all denials of housing repair assistance for Disaster No. 1780 using the standards stated in paragraph a above; [and]
>
> (c) enjoin FEMA to provide timely and adequate notice of its actions to applicants for home repair assistance.

*Id.* The scope of Plaintiffs' claim for relief remains the subject of a dispute between the parties. *Compare* Dkt. No. 67 at 4 *with* Dkt. No. 68 at 7–8. However, the parties agree that Plaintiffs' challenge the sufficiency of FEMA's interim regulations governing the disaster relief program for which they were denied benefits found at 44 C.F.R. §§ 206.110–120. 66 Fed. Reg. 66,146 (Sept. 30, 2002).

A. STATUTES AND REGULATIONS

*1. Statutory Authority*

The parties identify three statutory sources of authority for the challenged regulations. They are set forth below.

> (a) Regulations for equitable and impartial relief operations
> The President shall issue, and may alter and amend, such regulations as may be necessary for the guidance of personnel carrying out Federal assistance functions at the site of a major disaster or emergency. Such regulations shall include provisions for insuring that the distribution of supplies, the processing of applications, and other relief and assistance

2

activities shall be accomplished in an equitable and impartial manner, without discrimination on the grounds of race, color, religion, nationality, sex, age, disability, English proficiency, or economic status.

42 U.S.C. § 5151. Section 5174, Federal assistance to individuals and households, provides:

> (a) In general
> (1) Provision of assistance
> In accordance with this section, the President, in consultation with the Governor of a State, may provide financial assistance, and if necessary, direct services, to individuals and households in the State who, as a direct result of a major disaster, have necessary expenses and serious needs in cases in which the individuals and households are unable to meet such expenses or needs through other means.
> . . .
> (c) Types of housing assistance
> . . .
> (2) Repairs
> (A) In general
> The President may provide financial assistance for – (i) the repair of owner-occupied private residences, utilities, and residential infrastructure (such as a private access route) damaged by a major disaster to a safe and sanitary living or functioning condition; and (ii) eligible hazard mitigation measures that reduce the likelihood of future damage to such residences, utilities, or infrastructure.
> . . .
> (j) Rules and Regulations
> The President shall prescribe rules and regulations to carry out this section, including criteria, standards, and procedures for determining eligibility for assistance.

42 U.S.C. § 5174. FEMA has also drawn the Court's attention in this litigation to § 5164, Rules and Regulations, which provides that:

> The President may prescribe such rules and regulations as may be necessary and proper to carry out the provisions of this chapter, and may exercise, either directly or through such Federal agency as the President may designate, any power or authority conferred to the President by this chapter.

42 U.S.C. § 5164.

*2. Regulations*

Central to the dispute in this case is 44 C.F.R. 260.117(c), which provides:

> (1) Repairs to the primary residence or replacement of items must be disaster-related and must be of average quality, size, and capacity, taking into consideration the needs of the occupant. Repairs to the primary residence are limited to restoration of the dwelling to a safe and sanitary living or functioning condition.

44 C.F.R. § 206.117. The regulations also include the following definitions:

> Functional means an item or home capable of being used for its intended purpose.
> . . .
> Safe means secure from disaster-related hazards or threats to occupants.
> Sanitary means free of disaster-related health hazards.
> Serious need means the requirement of an item, or service, that is essential to an applicant's ability to prevent, mitigate, or overcome a disaster-related hardship, injury or adverse condition.

44 C.F.R. § 206.111.

B. PROCEDURAL HISTORY

Plaintiffs filed their complaint and Motion for Preliminary Injunction on November 20, 2008. Dkt. Nos. 1–2. FEMA moved to dismiss all of Plaintiffs' claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on January 20, 2009. Dkt. No. 17. In an opinion and order dated May 13, 2009, this Court granted Plaintiffs' motion for a preliminary injunction and denied FEMA's motion to dismiss. Dkt. No. 22. In that opinion, however, this Court rejected some of Plaintiffs' arguments, holding "that FEMA has sovereign immunity from suit to the extent Plaintiffs challenge whether FEMA has issued sufficient regulations under § 5151(a) and § 5164." *Id.* at 9.

On August 6, 2009, this Court entered a preliminary injunction. Dkt. No. 33. The Government appealed, Dkt. No. 41, and on August 4, 2010, the Fifth Circuit vacated the preliminary injunction and remanded the case to this Court for further proceedings. *La Union del Pueblo Entero v. FEMA*, 608 F.3d 217 (5th Cir. 2010). The Fifth Circuit held that Plaintiffs had not shown a substantial likelihood of success on the merits. *See id.* at 220–225

4

On July 28, 2009, Plaintiffs filed a motion for partial summary judgment. Dkt. No. 28. The Fifth Circuit granted FEMA's motion to stay pending appeal under Federal Rule of Appellate Procedure 8(a)(2). Dkt. No. 48. This Court ordered FEMA to designate the administrative record by January 27, 2010. Dkt. No. 55 at 7. FEMA timely complied. Dkt. No. 56.

### C. MOTIONS BEFORE THE COURT

Plaintiffs move for summary judgment. Dkt. Nos. 28, 59 and 67. By order dated August 10, 2010, this Court permitted supplemental briefing of the pending motions for summary judgment in light of the Fifth Circuit's decision in *LUPE*. Dkt. No. 66 at 2; *see also* Dkt. No. 65, Aug. 4, 2010 (judgment of Fifth Circuit issued as mandate). Plaintiffs filed a petition for certiorari in the Supreme Court, which was denied on November 8, 2010. Dkt. No. 72; 131 S. Ct. 525 (2010). The parties then filed their responses and replies. Dkt. Nos. 73–74 (final reply dated Nov. 26, 2010).

Plaintiffs also move for leave to conduct discovery to supplement the administrative record. Dkt. No. 57. They represent that their position on this motion is contingent on this Court's ruling on their summary judgment motions. *Id.* at 8.

## II. Summary Judgment

The sole waiver of sovereign immunity on which Plaintiffs rely for their cause of action is the APA. *See* Dkt. No. 51 at 3; Dkt. No. 18 at 6; Dkt. No. 43 at 2–5; *see also Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986) (APA waives sovereign immunity). Section 706 of the APA requires a court reviewing agency action to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C.A. § 706 (2011). When reviewing agency "'action, findings, and conclusion,' a court shall hold the action of the agency unlawful only if it is found to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law.'" *ConocoPhillips Co. v. E.P.A.*, 612 F.3d 822, 832 (5th Cir. 2010).

Plaintiffs move for summary judgment on five independent grounds: (1) the administrative record does not contain sufficient evidence that FEMA had a rational basis for issuing the regulations; (2) the administrative record does not contain the facts and legal standards used to deny the individual Plaintiffs' home repair assistance applications after Hurricane Dolly; (3) FEMA's regulations do not satisfy Congress's command in 42 U.S.C. § 5174(j); (4) FEMA's regulations do not satisfy the statutory command of 42 U.S.C. § 5151; and (5) FEMA used an unpublished deferred maintenance rule when it denied disaster assistance after Hurricane Dolly. Dkt. No. 57 at 16–17; Dkt. No. 67 at 3–6(reiterating five grounds).

A. LEGAL STANDARD AND SCOPE OF REVIEW

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2011); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must view all evidence in the light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Thus, the Court will not, "*in the absence of proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)); *see also TIG Ins. Co. v. Eagle, Inc.*, Civ. A. No. 05-0179, 2007 WL 861153, at

*2 (E.D. La. 2007) (quoting *Little*, 36 F.3d at 1075), *rev'd on other grounds* 294 Fed. Appx. 920 (5th Cir. 2008).

"[O]nce the moving party establishes that there are no factual issues, the burden shifts to the nonmoving party to produce evidence that a genuine issue of material fact exists for trial." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-movant has no duty to respond to a motion for summary judgment until the moving party meets its burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)). However, if the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891; *see also Ashe*, 992 F.2d at 543. The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891. Rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED. R. CIV. P. 56(e) (2010); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting *Celotex*, 477 U.S. at 322), *rev'd on other grounds* 546 U.S. 500 (2006).

Judicial review of agency action under the APA is ordinarily confined to "the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)); *see also Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n.15 (5th Cir. 2001). A reviewing court "is not generally empowered to conduct a de novo

inquiry into the matter being reviewed." *Florida Power & Light Co.*, 470 U.S. at 741; *see also Overton Park*, 401 U.S. at 419. As a panel of the Fifth Circuit put it in *Girling Health Care, Inc. v. Shalala*:

> The summary judgment procedure is particularly appropriate in cases in which the court is asked to review or enforce a decision of a federal administrative agency. The explanation for this lies in the relationship between the summary judgment standard of no genuine issue as to any material fact and the nature of judicial review of administrative decisions. . . . [T]he administrative agency is the fact finder. Judicial review has the function of determining whether the administrative action is consistent with the law – that and no more.

85 F.3d 211, 214–15 (5th Cir. 1996) (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2733 (1983)); *accord. Indep. Turtle Farmers of La., Inc. v. United States*, 703 F. Supp. 2d 604, 614 (W.D. La. 2010).

### B. SECTIONS 5151 AND 5174(J) SPECIFICITY CLAIMS

Plaintiffs have not produced argument or authority to disturb this Court's holding that "FEMA has sovereign immunity from suit to the extent Plaintiffs challenge whether FEMA has issued regulations in compliance with 42 U.S.C. §§ 5151(a) and § 5164." Dkt. No. 22 at 10; *see also St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 324-25 (5th Cir. 2009) (determining that language in the Stafford Act that "Federal agencies may. . . provide assistance . . . ." was "cast in discretionary terms"); *Johnson v. FEMA*, 393 F. Appx. 160, 161 (5th Cir. 2010) (per curiam unpublished decision) (characterizing Section 5151 as "essentially a hortatory statement of purpose for the entire Stafford Act."). Accordingly, this claim must be rejected because 42 U.S.C. §§ 5151(a) and 5164 fall into the discretionary function exception of the Stafford Act. *Ibid.*

Plaintiffs concede that the Fifth Circuit held in *LUPE* that FEMA's regulations and their specificity are a permissible interpretation of Section 5174(j) which must be given deference under *Chevron, U.S.A., Inc. v. Natural Resources*

*Defense Council, Inc.*, 467 U.S. 837, 844 (1984). *See* Dkt. No. 67 at 4; 608 F.3d at 221–24. Therefore, Plaintiffs' facial challenge to the regulations under Section 5174(j) is foreclosed as law of the case. *FEMA*, 608 F.3d at 224; *see also, e.g.*, *Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009) (citing *Goodwin v. Johnson*, 224 F.3d 450, 457 (5th Cir. 2000) ("The law-of-the-case doctrine provides that an explicit or necessarily implied resolution of a legal issue by an appellate court becomes that case's law and is to be followed in the subsequent proceedings in the case.").

C. SUFFICIENCY OF ADMINISTRATIVE RECORD

*1. Denial of Individual Claims*

Plaintiffs take the position that the administrative record designated by FEMA is inadequate because it fails to specify the reasons why Plaintiffs' individual applications for housing repair assistance were denied. FEMA argues that the Complaint pleads only a facial challenge to FEMA regulations and Plaintiffs' individual claims under the existing regulations are not before this Court. After considering the pleadings and the administrative record, this Court finds that Plaintiffs have pleaded only a facial challenge to the regulations.

Twenty-two pages of Plaintiffs' complaint describe the alleged damage to Plaintiffs' homes caused by Hurricane Dolly and their subsequent interactions with FEMA. *See* Compl. 6–28, Dkt. No. 1. Federal Rule of Civil Procedure 8(b) obligated FEMA to answer each of Plaintiffs' factual averments, and its election to do so cannot be taken as a concession. Plaintiffs seek to represent a "class of persons whose home repair applications were denied by FEMA on the basis of an invalid regulation." Dkt. No. 73 at 3. The last prepositional phrase implies that Plaintiffs disclaim a challenge on the basis of a valid regulation.[1] The adjective "invalid" modifies "regulation," not the verb "denied" as it might have had Plaintiffs intended to give notice of their challenge to FEMA's decision to deny them housing assistance under the existing regulations rather than the validity of the regulation under which those decisions were made. *See id.*

---

[1] Plaintiffs have never sought class certification under Federal Rule of Civil Procedure 23.

Plaintiffs' request for relief corroborates this reading of their complaint. Dkt. No. 1 at 29. In paragraph one, they ask the Court to order FEMA to issue new regulations. *Id.* In paragraph two, they ask the Court to "enjoin FEMA to reconsider all denials of housing repair assistance for Disaster No. 1780 using the standards stated in paragraph one." Although the Court and the parties have at times characterized Plaintiffs as challenging the denial of their requests for housing assistance, these characterizations have never been integral to any decision nor are they inconsistent with the Court's construction of Plaintiffs' complaint.

Even if Plaintiffs challenge their individual denials of housing assistance, this Court has held that the Stafford Act provides a discretionary function exception which bars judicial review of financial assistance determinations. *See* Dkt. No. 22 at 4–5 (quoting *St. Tamanny Parish v. FEMA*, 556 F.3d 307, 325 (5th Cir. 2009)). Thus, Plaintiffs' would not be entitled to this relief. For these reasons, the Court holds that the failure of the administrative record designated by FEMA to include any information regarding FEMA's decision to deny the individual Plaintiffs' applications for housing assistance provides no basis for relief for Plaintiffs.

2. *Rational Basis for Regulations*

The administrative record designated by FEMA begins with FEMA's announcement in the Federal Register of the interim rule now codified at 44 C.F.R. §§ 206.110–120. 66 Fed. Reg. 66,146 (Sept. 30, 2002); Dkt. No. 56-1; *see also* Dkt. No. 56-3 at AR 41 (identifying personnel involved in formulation of rule). The administrative record contains FEMA's responses under 5 U.S.C. § 553(c) to a number of comments made during the informal rule-making process, but a review of it and of the rest of the administrative record does not reveal a justification for the level of specificity used by FEMA to promulgate the disaster eligibility criteria found in 44 C.F.R. § 206.117(c). Plaintiffs contend that this omission renders FEMA's decision to promulgate the regulations arbitrary and capricious under the APA. *See* 5 U.S.C. § 706(a)(2).

FEMA avers that *LUPE* controls this issue. In *LUPE*, the Fifth Circuit began its *Chevron* analysis by summarizing the parties' arguments: "Plaintiffs

primarily argue that FEMA's action fails *Chevron* step one . . . FEMA directs the majority of its argument to the discretion provided by *Chevron* step two." 608 F.3d at 221. The *LUPE* court determined that 44 C.F.R. §§ 206.110–206.120 satisfy *Chevron* step one.[2] *See id.* at 221–23.

The *LUPE* court then turned to *Chevron* step two and "consider[ed] whether the regulations are 'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* at 523 (quoting *Chevron*, 467 U.S. at 844). Because Section 5174(j) "does not set out a given level of specificity that FEMA's regulations must meet," the *LUPE* court found that the facts before it were analogous to *American Trucking Associations v. Dep't of Transportation*, 166 F.3d 374 (D.C. Cir. 1999), and endorsed the proposition that "where Congress does not require a certain level of specificity, the agency has discretion to decide how specific its regulations will be." *LUPE*, 608 F.3d at 223.

Plaintiffs concede that *LUPE* forecloses their argument that FEMA's interpretation of Section 5174(j) should not be given deference under *Chevron*. *See* Dkt. No. 67 at 4 ("The Fifth Circuit's holding that *Chevron* step two does not require FEMA to provide a rational basis for the specificity for its regulations . . . "). Plaintiffs assert, however, that the Fifth Circuit's *Chevron* holding does not control the question of whether FEMA's decision to promulgate 44 C.F.R. §§ 206.110–120 was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(a)(2). *See* Supp. Mot. for S.J. 10–14. The two-step *Chevron* test is used to "determin[e] whether a regulation is 'in accordance with law.'" *Military Toxics Project v. E.P.A.*, 146 F.3d 948, 954 (D.C. Cir. 1998); *see also, e.g., Int'l Union, United Mine Workers of Am. v. Mine Safety and Health Admin.*, 626 F.3d 84, 90 (D.C. Cir. 2010) (quoting *Nat'l Ass'n of Clean Air Agencies v. E.P.A*, 489 F.3d 1221, 1228 (D.C. Cir. 2007)) ("Even where an agency's 'construction satisfies *Chevron*, the court still must ensure that the agency's action is not otherwise arbitrary and capricious.'") (brackets omitted); *Rural Cellular Ass'n v. F.C.C.*, 588 F.3d 1095, 1105 (D.C. Cir. 2009); *Tex. Coal. of Cities for Util. Issues v.*

---

[2] Plaintiffs make no new arguments and cite no new authority in support of their claim under *Chevron* step one. *See LUPE*, 608 F.3d at 222.

*F.C.C.*, 324 F.3d 802, 811 (5th Cir. 2003) (citing *Alenco Commc'ns, Inc. v. F.C.C.*, 201 F.3d 608, 619 (5th Cir. 2000)) ("While step two of the *Chevron* analysis focuses on the agency's interpretation of the relevant statutory provisions, review under § 706(2)(A) 'focuses on the reasonableness of the agency's decision-making process pursuant to that interpretation.'").

In *LUPE*, the Fifth Circuit determined that "*Chevron* applies to issues of how specifically an agency must frame its regulations." 608 F.3d at 224 (citing *American Trucking Ass'ns v. U.S. Dept. of Tranp.*, 166 F.3d 374, 378–79). Put succinctly, Plaintiffs' complaint is only that the administrative record does not explain why FEMA chose the level of specificity it did when it promulgated the regulations. Dkt. No. 59 at 12 ("one indisputable purpose of 42 U.S.C. §§ 5151(a) and 5174(j), which require eligibility rules and regulations, is to promote the use of published eligibility standards. Vagueness in eligibility regulations frustrates this statutory purpose."). *LUPE* held that FEMA's decision to publish the regulations must be given deference under *Chevron*. 608 F.3d at 224. As Plaintiffs' claim under 5 U.S.C. § 706(a)(2) amounts to a vagueness challenge to the same regulations as violative of Congress's command in the statute, the Fifth Circuit's holding in *LUPE* is the law of this case, and Plaintiffs' vagueness claims based on the administrative record must be rejected lest they frustrate the purpose of *Chevron* deference. *See id.*

D. UNPUBLISHED DEFERRED MAINTENANCE RULE

The APA provides that "[e]ach agency shall . . . publish in the Federal Register for the guidance of the public substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability . . . ." 5 U.S.C.A. § 552(a)(1) (2011). Thus, "[e]xcept to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be . . . adversely affected by a matter required to be published in the Federal Register and not so published." *Id.* § 552(a)(1)(D)–(E). In *Davidson v. Glickman*, for example, the Fifth Circuit held that a handbook provision which was used to adversely affect the plaintiff's acreage report under a federal program had

to be published under 5 U.S.C. § 552(a) because it "impose[d] conditions on the revision of acreage reports beyond those required by the regulation, thereby qualifying as a legislative rule by 'affecting individual rights' and creating new law." 169 F.3d 996, 999 (5th Cir. 1999).

Plaintiffs strenuously argue that FEMA utilizes an unpublished deferred maintenance rule to deny housing assistance to disaster victims and that they were adversely affected by this rule. *See, e.g.*, Dkt. No. 28 at 9; Dkt. No. 67 at 5. As FEMA points out, no evidence of the existence of such a rule can be found in the administrative record. *See* Dkt. No. 56. FEMA's answer states that it collects data concerning deferred maintenance and denials of disaster assistance, *see* Ans. 4, Dkt. No. 9, but this admission does not establish that an unpublished rule is being used to deny applications for housing repair assistance.

The Court need not engage in a searching analysis to determine whether it ought to look outside of the administrative record for such evidence, for even if it did, Plaintiffs concede that their summary judgment evidence provides none: "The record in this case does not yet disclose when, how, why, or by whom FEMA adopted its deferred maintenance rule." Partial Mot. for S.J. 7 n.4, Dkt. No. 28. Plaintiffs point to nothing in the summary judgment record to establish when, where, or how a deferred maintenance rule is being used. Given the present state of the record, summary judgment on this claim must therefore be denied.

### III. Motion for Discovery

In the ordinary case, a court reviewing agency action under the APA confines its inquiry to "the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)); *see also Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n.15 (5th Cir. 2001). A reviewing court "is not generally empowered to conduct a de novo inquiry into the matter being reviewed." *Florida Power & Light Co.*, 470 U.S. at 741; *see also Overton Park*, 401 U.S. at 419. Discovery of

material not part of the administrative record is therefore "typically not permitted." *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002).

The rule against extra-record discovery has its exceptions, however. Extra-record discovery may be appropriate when "there was such failure to explain administrative action as to frustrate judicial review," *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973), or, if administrative findings were made at the time of the challenged action, upon a "strong showing of bad faith or improper behavior" on the part of the agency. *Overton Park*, 401 U.S. at 420. Thus, courts have generally permitted extra-record discovery "(1) when agency action is not adequately explained in the record before the court; (2) when looking to determine whether the agency considered all relevant factors; (3) when a record is incomplete; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues; (5) when evidence arising after the agency action shows whether the decision was correct or not; (6) in certain NEPA cases; (7) in preliminary injunction cases; and (8) when an agency acts in bad faith." *City of Dallas v. Hall*, No. 3:07-CV-0060-P, 2007 WL 3257188, at *5 (N.D. Tex. Oct. 29, 2007) (citing *Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*, 249 F. Supp. 2d 763, 776 (N.D. Tex. 2003)); *see also Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).

The administrative record designated by FEMA contains several drafts of the regulations at issue in this case along with the comments of nearly 20 States which are addressed in the September 30, 2002, Notice of Interim Rulemaking. *Compare* Dkt. Nos. 56-2 thru 56-8 *with* 66 Fed. Reg. 66,146–50.[3] Plaintiffs argue that the administrative record should be supplemented to explain the basis for FEMA's decision to issue regulations at a particular level of specificity. *See* Dkt. No. 57 at 3. Because this Court has rejected this argument under *LUPE,* 608 F.3d at 221–24, Plaintiffs are not entitled to discovery on this ground. Also, because the Court construes Plaintiffs' complaint as stating only a facial challenge to the regulations, *see supra* Part II.C, the administrative record need not contain explanations of

---

[3] Many of these comments post-date the September 30, 2002, interim rule.

FEMA's decisions to deny the individual Plaintiffs' requests for housing repair assistance.

At oral argument before the Fifth Circuit, FEMA admitted that it prepared disaster-specific items used to decide Hurricane Dolly home repair applications. *See* Dkt. No. 57 at 3. FEMA does not dispute this characterization of the oral argument. While the present record does not support summary judgment on Plaintiffs' 5 U.S.C. § 552(a) claim, FEMA's representation to the Fifth Circuit implies that this claim may have some vitality. The Fifth Circuit in *LUPE* did not foreclose such a claim, noting that case law cited by Plaintiffs might be more applicable if it were proven on remand that FEMA relied on unpublished rules to deny requests for housing repair assistance. *See* 608 F.3d at 223 n.2.

The incompleteness exception permitting extra-record discovery is more accurately characterized as an exception that is triggered "when an agency considered evidence which it failed to include in the record." *Esch*, 876 F.2d at 991; *Davis Mountains*, 249 F. Supp. 2d at 776. FEMA's admission to the Fifth Circuit supports the application of the incompleteness exception to permit discovery concerning Plaintiffs' 5 U.S.C. § 552(a) claim at least to determine the nature of the disaster-specific guidance prepared to aid in the decision of applications for disaster-related assistance and to what degree, if at all, that guidance was used to deny applications for housing repair assistance.[4]

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment, Dkt. No. 28; Motion for Summary Judgment, Dkt. No. 59; and Supplemental Motion for Summary Judgment, Dkt. No. 67. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Opposed Motion to Supplement the Administrative Record and Take Extra-Record Discovery. Dkt. No. 57.

---

[4] This Court's construction of Plaintiffs' complaint does not change this result. Plaintiffs expressly allege that FEMA relied on unpublished rules and seek reconsideration of their applications for housing repair assistance. *See* Compl. 29, Dkt. No. 1. Plaintiffs' facial challenge fairly embraces an allegation that FEMA applied invalid, unpublished rules when it denied applications for housing repair assistance.

The Court **ORDERS** the parties to confer and file a proposed discovery plan within 14 days of the entry of this order.

DONE at Brownsville, Texas, on March 30, 2011.

_____
Hilda G. Tagle
United States District Court